USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___2/5/2026___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

       Plaintiff-Intervenor,

  -against-

ALICE + OLIVIA, LLC,

       Defendant.

---

24 Civ. 5038 (AT)

**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE**
**UNITED STATES AND RELATOR**

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney Jay Clayton, United States Attorney for the Southern District of New York, and relator Verity Investigations, LLC ("Relator" and, together with the United States, the "Parties"), through its counsel;

WHEREAS, on or about July 2, 2024, Relator filed a complaint (the "Relator Complaint") under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against Alice + Olivia, LLC ("Alice + Olivia"), alleging, *inter alia*, that Alice + Olivia violated the FCA by submitting a Second-Draw PPP loan application with material misstatements regarding the number of its employees (the "Relator Action");

WHEREAS, on or about January 24, 2026, the United States filed a complaint-in-intervention ("Government Complaint"), alleging that Alice + Olivia violated the FCA by knowingly, presenting and making, or causing to be presented and made, false claims and

statements in connection with its submission of a Second-Draw PPP loan and forgiveness applications. Specifically, the United States alleged that Alice + Olivia falsely reported that it had 293 employees at the time it applied for its Second-Draw PPP loan, when in fact Alice + Olivia (together with its domestic and foreign affiliates) employed greater than 300 persons and was thus ineligible for the Second-Draw PPP Loan. The United States also alleges that in connection with its application for loan forgiveness, Alice + Olivia falsely reported that it had 271 employees at the time it applied for its Second-Draw PPP loan, when in fact it employed greater than 300 persons;

WHEREAS, on or about January 21, 2026, the United States, Alice + Olivia, and Relator entered into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Alice + Olivia agreed to pay the United States $3,200,000 plus interest which shall be compounded annually at a rate of 3.77% accruing from November 12, 2025 (the "Settlement Amount") to resolve the claims of the United States for the Covered Conduct;

WHEREAS, Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), it is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.    Contingent upon receipt by the United States of full payment due to the United States under Paragraph 3 of the Settlement Agreement, the United States will pay Relator, c/o Susman Godfrey L.L.P, as attorneys for Relator ("Relator's Counsel"), ten percent (10%) of the payment of the Settlement Amount received from Alice + Olivia ($320,000 plus interest) in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount.  The obligation to make the payment to Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from Alice + Olivia required by the Settlement Agreement.  In the event that Alice + Olivia fails to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to Relator.

2.    Relator, for itself and its successors, attorneys, agents and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3.    In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for itself and its successors, attorneys, agents and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator Action or the Government Complaint.

4.     This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5.     The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

6.     This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns and heirs.

7.     This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8.     This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9.     This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York.  For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10.    This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: January 24, 2026

JAY CLAYTON
United States Attorney
Southern District of New York

By:   _/s/ Rebecca L. Salk_____

REBECCA L. SALK
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2614
rebecca.salk@ujsdoj.gov
*Attorney for the United States*

Dated: _____, 2026

SUSMAN GODFREY L.L.P.

By:   _____

Stephen Shackelford
Steven M. Shepard
Alicia Lai
Susman Godfrey L.L.P
One Manhattan West, 50th Floor
New York, NY 10001
sshackelford@susmangodfrey.com
sshepard@susmangodfrey.com
alai@susmangodfrey.com
*Attorneys for Relator*

Dated: _____, 2026

VERITY INVESTIGATIONS, LLC

_____

Gregory Lyman
*Relator*

5

Dated: _____, 2026

JAY CLAYTON
United States Attorney
Southern District of New York

By: _____

REBECCA L. SALK
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2614
rebecca.salk@ujsdoj.gov
*Attorney for the United States*

Dated: _Jan. 24,_____, 2026

SUSMAN GODFREY L.L.P.

By: _____

Stephen Shackelford
Steven M. Shepard
Alicia Lai
Susman Godfrey L.L.P
One Manhattan West, 50th Floor
New York, NY 10001
sshackelford@susmangodfrey.com
sshepard@susmangodfrey.com
alai@susmangodfrey.com
*Attorneys for Relator*

Dated: _____, 2026

VERITY INVESTIGATIONS, LLC

_____
Gregory Lyman
*Relator*

**SO ORDERED:**

_____
HON. ANALISA TORRES
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2026
     New York, New York

5